# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>        Petitioner,<br><br>  v.<br><br>R.J. RACKLEY, Warden,<br><br>        Respondent. | Case No. 1:16-cv-00690-DAD-SKO HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR LACK OF JURISDICTION (SUCCESSIVE PETITION) |

     Petitioner Johnney Ramey, a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserts multiple contentions that the sentence imposed upon him in 1998 is illegal. Because Petitioner has contended that his sentence is illegal in at least three previous habeas petitions but has not secured authorization from the U.S. Court of Appeals to bring a successive petition, the undersigned recommends that the Court dismiss the petition as successive.

## I.    Preliminary Screening

     Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## II.    Procedural Background

     Petitioner was initially convicted of two counts of second-degree burglary with the use of a knife on May 3, 1995. On June 6, 1995, the Fresno County Superior Court sentenced him to a term

1

of 34 years and 4 months, to life.  On May 21, 1998, the California Department of Corrections notified the state court of a possible error in the calculation of Petitioner's sentence.  As a result, on July 29, 1988, Petitioner was resentenced to a term of 66 years to life.

The above-captioned action is Petitioner's tenth petition for writ of habeas corpus in this Court.  His prior petitions include *Ramey v. Lewis* (1:98-cv-06047-OWW-SMS HC); *Ramey v. Richter* (1:99-cv-06558-REC-SMS HC); *Ramey v. Lewis* (1:00-cv-06644-OWW-DLB HC); *Ramey v. Lewis* (1:00-cv-6671-OWW-HGB HC); *Ramey v. Lewis* (1:01-cv-5632-AWI-HGB HC); *Ramey v. Loo* (1:01-cv-06040-OWW-HGB  HC); *Ramey v. Kramer* (1:05-cv-01504-OWW-WMW HC); *Ramey v.* Kramer (1:01-cv-01504-LJO-GSA HC); and  *Ramey v. Hill* (1:11-cv-00449-AWI-JLT HC).  Petitioner previously challenged the legality of his sentence in *Ramey v. Kramer* (1:05-cv-01504-OWW-WMW HC); *Ramey v. Kramer* (1:07-cv-01504-LJO-GSA HC); and  *Ramey v. Hill* (1:11-cv-00449-AWI-JLT HC).[1]

### III.      Second or Successive Petition

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997).  When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed.  28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

---

[1] Because copies of the earliest petitions are not readily available, Petitioner may also have challenged his sentence in one or more other petitions.

consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner presents no indication that he has obtained an order from the Ninth Circuit authorizing the filing of yet another successive petition attacking the 1998 judgment of resentencing. As a result, this Court lacks jurisdiction to consider the petition and must dismiss it. *See Greenawalt*, 105 F.3d at 1277.

## IV.    **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction to consider the above-captioned habeas petition to be debatable or wrong. Accordingly, the Court should decline to issue a certificate of appealability.

## V.     Conclusion and Recommendation

The undersigned RECOMMENDS that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 5, 2016**                                              /s/ *Sheila K. Oberto*
                                                                                       UNITED STATES MAGISTRATE JUDGE

4